NUMBER 13-04-504-CV

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

MARY FRANCES MAES,                                                               Appellant,

 

                                                             v.                                

 

H.E.B. FOOD STORES, INC.,                                                          
Appellee.

 

       On
appeal from the 28th District Court of Nueces County, Texas.

 

 

                               MEMORANDUM
OPINION

 

                          Before
Justices Yañez, Castillo, and Garza 

                            Memorandum Opinion
by Justice Garza           








Appellant sued appellee for negligence after she was
injured by a shoplifter who knocked her over while fleeing on foot from one of
appellee=s grocery stores. 
Appellee moved for summary judgment on both traditional and no-evidence
grounds, arguing that it had no duty to protect appellant from the unforeseen
criminal acts of a third party.   See Tex. R. Civ. P. 166a(b) (summary
judgment for defending party), 166a(i) (no-evidence summary judgment).  The trial court granted appellee=s motion without specifying whether the summary
judgment was based on traditional or no-evidence grounds.  On appeal, appellant contends that the
judgment was improper because a genuine fact issue exists as to whether the
shoplifter=s actions were foreseeable.  Timberwalk Apartments v. Cain, 972
S.W.2d 749, 756 (Tex. 1998) (AThe foreseeability of an unreasonable risk of
criminal conduct is a prerequisite to imposing a duty of care on a person who
owns or controls premises to protect others on the property from the risk.@).  








This Court concludes that appellant failed to
produce more than a scintilla of proof on the element of foreseeability, the
challenged element of its claim.  See Tex. R. Civ. P. 166a(i).  In determining whether the occurrence of
certain criminal conduct on a landowner=s property should have been foreseen, we must
consider whether any criminal conduct previously occurred on or near the
property, how recently it occurred, how often it occurred, how similar the
conduct was to the conduct on the property, and what publicity was given the
occurrences to indicate that the landowner knew or should have known about
them.  Timberwalk, 972 S.W.2d at
757.  The only evidence produced by
appellant showed that one of appellee=s employees had previously observed a person
shoplifting merchandise at one of appellee=s stores.  The
suspect was later spotted by an employee at a different store attempting to
return the stolen merchandise for cash. 
Aware that he had been recognized, the suspect immediately fled,
knocking over and injuring appellant in the process.  Appellant produced no evidence that any other
assaults or other similar criminal activity had ever occurred at the store
where she was injured or at any other nearby location.  No evidence was produced upon which appellee
could be charged with knowledge of such dangers.  Because the trial court properly granted
summary judgment on no-evidence grounds, we do not consider appellant=s second issue regarding deemed admissions that were
used to support the traditional grounds for appellee=s motion.  See
Tex. R. App. P. 47.1.  The judgment of the trial court is affirmed.             

 

 

_______________________

DORI CONTRERAS GARZA,

Justice

 

Memorandum Opinion delivered and 

filed this the 21st day of July, 2005.